## MARSH RIVER LODGE OF FREE AND ACCEPTED MASONS *vs.* INHABITANTS OF BROOKS.

### *Pleading. Amendment.*

When the members of a voluntary association, a lodge under one name, become incorporated under a different name, and a suit is brought in the name of the voluntary association, an amendment substituting the corporate name is not allowable.

ON AGREED STATEMENT OF FACTS.

This action, for money had and received, commenced December 6, 1871, to recover $21.26 paid to the collector of the town of Brooks for taxes for the years 1868, 1869, and 1870, alleged to have been assessed upon the plaintiffs and paid under protest, was submitted upon facts agreed for this court " to enter such judgment as law and justice demanded."

Regular proceedings were had in May and June, 1865, to form the persons composing this lodge into a corporation by the name of " Marsh River Corporation" conformably to the provisions of R. S., c. 55, §§ 1, 2, and 3, as appears by the opinion.

During the years 1868, 1869, and 1870 the corporation owned, under R. S., c. 55, § 4, the real estate in Brooks upon which the taxes aforesaid were assessed, but claimed to hold it exempt from taxation by virtue of R. S., c. 6, § 6. Being compelled to pay these taxes this suit was instituted, in the name of the old lodge, to recover them. At the April term, 1873, of this court, for Waldo county, the plaintiffs asked leave to amend by inserting their corporate name in the place of that of the lodge, which was to be granted if in the opinion of the court the writ was legally thus amendable. As will be seen by the opinion, the cause was decided solely upon this point.

*W. H. Fogler*, for plaintiffs.

*N. Abbott*, for defendants.

VOL. LXI.          38

APPLETON, C. J. It is apparent from the report that the plaintiffs are a Masonic lodge, existing by virtue of Masonic authority, and not a corporation created by the laws of this State, for the case finds that on the fourth day of May, 1865, seven of the members of said lodge applied to a justice of the peace for the county of Waldo, signifying their desire to incorporate themselves and their associates into a Masonic lodge under the statutes of this State, and asked said justice to issue his warrant for that purpose, which was done, and such proceedings were had that the applicants and their associates duly and legally organized themselves into a corporation under the statutes of this State, by the name of "The Marsh River Corporation."

The plaintiffs claim exemption from taxation upon property belonging to them under R. S., c. 6, § 6, which among other things provides that "the real and personal property of all literary institutions, and the real and personal property of all benevolent, charitable, and scientific institutions incorporated by this State," shall be exempted from taxation. But these plaintiffs are not shown to be a corporation "incorporated by this State." The reverse is the inevitable conclusion from the facts upon which the parties have agreed. Conceding, for the sake of argument, that Masonic lodges "incorporated by this State" are entitled to the exemption under c. 6, § 6, still the plaintiffs not being shown to be "incorporated by this State, or under its laws," cannot claim the statutory exemption.

The plaintiffs desire to amend by substituting the name of the corporation created by virtue of the proceedings to which reference has been had. But this amendment is not allowable. The plaintiffs in this writ, if they had been a corporation under the laws of the State, might by legislative authority have changed their corporate name, and in such case the new corporate name might, by amendment, perhaps, have been inserted in lieu of the original corporate name. But such is not this case. The present plaintiffs are a voluntary association. They have no corporate existence. To substitute the name of the new corporation would be

to insert a new party against the consent of the defendants. A voluntary unincorporated association and a corporation duly organized under the law of the State, cannot be regarded as identical. The property of the former is not exempt from taxation; that of the latter may be. *Plaintiff nonsuit.*

WALTON, DICKERSON, BARROWS, DANFORTH, and PETERS, JJ., concurred.